1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CYNTHIA SIVAK, an individual,                    CASE NO. 06cv0416-LAB (WMc)

12                                  Plaintiff,         **ORDER**:

13                                                     **(1) DENYING DEFENDANTS'**
                                                       **MOTION FOR JUDGMENT**
14                                                     **NOTWITHSTANDING THE**
                                                       **VERDICT;**
15          vs.
                                                       **(2) DENYING IN PART AND**
16                                                     **GRANTING IN PART**
                                                       **DEFENDANTS' MOTION FOR**
17                                                     **NEW TRIAL;**

18                                                     **(3)  PROPOSING REMITTITUR**
                                                       **WITH RESPECT TO PUNITIVE**
19                                                     **DAMAGES *IN LIEU* OF NEW**
     TOM VERSEN; BLUE SKY                              **TRIAL; AND**
20   PRODUCTIONS, LLC; and DOES 1 through
     10, inclusive,                                    **(4)  DENYING PLAINTIFF'S**
21                                                     **REQUEST FOR DECLARATORY**
                                    Defendants.        **RELIEF**
22

23                                                     [Dkt Nos. 71, 72, 73]

24          On October 15, 2007, the court convened the hearing of post-trial motions following jury

25   verdicts in this action in favor of plaintiff Cynthia Sivak ("Sivak") on:  her breach of contract claim

26   against defendant Tom Versen ("Versen"), awarding her $75,250.00 in past economic loss damages;

27   her unjust enrichment claim against Versen, awarding her $43,645.00; her unjust enrichment claim

28   against defendant Blue Sky Productions, LLC ("Blue Sky"), awarding her $43,645.00; her fraud claim

against Versen and Blue Sky, awarding her $125,000 in past economic loss damages; her punitive damages claim against Versen, awarding her $433,000; and her punitive damages claim against Blue Sky, awarding her $50,000.  Dkt Nos. 60-66.  Defendants move pursuant to FED.R.CIV.P. ("Rule") 50(a) for judgment as a matter of law on the breach of contract claim and on the unjust enrichment claim against Versen and for a new trial pursuant to Rule 50(b) and Rule 59(a) contending, among other things, the punitive damages awards are excessive as a matter of law.  Sivak moved for entry of judgment in her favor on the Second Claim for declaratory relief regarding the ownership of copyrights to certain interviews she conducted while affiliated with Blue Sky.  In addition, the parties identified at the hearing a dispute over the accrual of post-judgment interest.  The parties have provided the court with subsequent letter briefs on that issue.  Brian M. Grossman, Esq. appeared on behalf of Sivak. Robert S. Besser, Esq. appeared on behalf of Versen and Blue Sky (collectively "Defendants").  The court issued rulings on the record, as memorialized herein, but reserved on the declaratory relief and the post-judgment interest issues.

With respect to Defendants' Motion For Judgment As A Matter Of Law (Dkt No. 72), a Rule 50 motion can be "renewed" after judgment if a Rule 50 motion was made and denied at the close of all evidence in the case.[1]  The court finds Defendants' Rule 50 motion at the close of evidence was stated as applying to the entire case, preserving their right to renew the motion.  *See* Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).  "In ruling on a renewed motion, the court may: (1) if a verdict was returned:  (A) allow the judgment to stand, (B) order a new trial, or (C) direct entry of judgment as a matter of law; or (2) if no verdict was returned:  (A) order a new trial, or (B) direct entry of judgment as a matter of law."  Rule 50(b).

Defendants move for Rule 50 relief on the breach of contract and unjust enrichment claims against Versen.  The post-trial dispute as framed in the Motion on the breach of contract issue is not over the amount of damages, but rather over the evidentiary support for a finding Versen was the

---

[1]  "(a) Judgment as a Matter of Law.  (1) In General.  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:  (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."  Rule 50(a).

contracting party as opposed to Blue Sky.  Viewing the evidence in the light most favorable to Sivak, the court finds the existence of a contract with Blue Sky does not exclude the possibility of a side agreement existing between Sivak and Versen as alleged in the Complaint, separate from the company's contract with her, and  a reasonable jury could (and did) so find.  On the unjust enrichment claim, the court cannot conclude the jury's result should be disturbed without impermissibly substituting its own view of the evidence for that of the jury.  The court accordingly finds the jury's unjust enrichment awards must also remain undisturbed as they were based on substantial evidence. All the claims tried were imbued with credibility issues, and the jury exercised its prerogative to credit Sivak's version of events.  For all the reasons recited on the record and herein, Defendants' Rule 50 motion is **DENIED**.

Defendants also filed a  Motion For New Trial on grounds the jury's special verdicts were the result of passion and prejudice, the awards of punitive damages are excessive as a matter of law, the special verdicts are inconsistent, and they are against the weight of the evidence.  Dkt No. 71.  The court finds it may not consider the jury's calculations attached to the verdict forms for purposes of deciding whether a new trial must be granted, as such materials constitute unsolicited marginalia.  *See* Tanno v. S.S. President Madison Ves, 830 F.2d 991, 993 (9th Cir. 1987) (holding that statements written on the special verdict form in parenthesis to explain damages "is surplusage and must be disregarded" for purpose of deciding whether a new trial must be granted, even though  those statements, if taken into account, established a substantial inconsistency in the jury's damage awards). In any event, the court finds the two measures of economic damages the jury applied can be reconciled as reflecting different compensable harms, requiring both verdicts be upheld.   *See* Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved in that way"); Gallick v. Baltimore & O.R. Co., 372 U.S. 108, 119 (1963) ("We therefore must attempt to reconcile the jury's findings by exegesis if necessary, . . . before we are free to disregard the jury's special verdict and remand the case for a new trial"); Floyd v. Laws, 929 F.2d 1390, 1396 (9th Cir. 1991) (following Gallick).  In opposition to the motion, Sivak refers to Jury Instruction Nos. 16 and 17 (damages instructions for breach of contract) and No. 29 (damages instruction for fraud) to illustrate the jury was

1   *instructed* to use differing methodologies, and therefore could properly award a greater sum for the

2   fraud tort ($125,000) than it did for breach of contract ($75,250).  The motion is **DENIED** on all but

3   the punitive damages issue.

4         With respect to punitive damages, the court **GRANTS** that portion of Defendants' Motion For

5   New Trial.  Initially, the court acknowledges the jury has considerable discretion to award punitive

6   damages, and its award, if supportable, will not be lightly disturbed.  *See* Browning-Ferris Indus. v.

7   Kelco Disposal, Inc., 492 U.S. 257, 279 (1989).  "When a jury awards punitive damages based on state

8   law, 'the role of the trial judge is to determine whether the jury's verdict is within the confines set by

9   state law, and to determine, by reference to federal standards developed under Rule 59, whether a new

10  trial or remittitur should be ordered.'"  White v. Ford Motor Co., 312 F.3d 998, 1026 (9th Cir. 2002),

11  *quoting* Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433 (2001) (citation

12  omitted).   In making this judgment, the court has considered Supreme Court and Ninth Circuit

13  authority identifying relevant factors to weigh in determining whether a punitive damages award is

14  excessive or inadequate, for purposes of "imposing a sufficiently definite and meaningful constraint

15  on the discretion of fact-finders in awarding punitive damages:"

16            (a) whether there is a reasonable relationship between the punitive
    damages award and the harm likely to result from the defendant's
17  conduct as well as the harm that actually has occurred; (b) the degree
    of reprehensibility of the defendant's conduct, the duration of that
18  conduct, the defendant's awareness, any concealment, and the existence
    and frequency of similar past conduct; (c) the profitability to the
19  defendant of the wrongful conduct and the desirability of removing that
    profit and of having the defendant also sustain a loss; (d) the "financial
20  position" of the defendant; (e) all the costs of litigation; (f) the
    imposition of criminal sanctions on the defendant for its conduct, these
21  to be taken in mitigation; and (g) the existence of other civil awards
    against the defendant for the same conduct, these also to be taken in
22  mitigation.

23  Hopkins v. Dow Corning Corp., 33 F.3d 1116, 1127 (9th Cir. 1994), *quoting* Pacific Mut. Life Ins. Co.

24  v. Haslip, 499 U.S. 1, 21-22 (1991); *see also* TXO Production Corp. v. Alliance Resources Corp., 509

25  U.S. 443, 457 (1993) (punitive damages awards are "the product of numerous, and sometimes

26  intangible, factors; a jury imposing a punitive damages award must make a qualitative assessment

27  based on a host of facts and circumstances unique to the particular case before it").

28  \\

Although, concededly, there was enough evidence presented at trial to support a punitive damages award, the court finds the amounts awarded are not warranted either under the evidence or by law.  When reviewing punitive damages, special principles apply.  "For instance, a court is not limited to considering the proportionality of the punitive award to actual damages sustained, but may also consider the magnitude of the harm that potentially could have occurred and the potential gain to the defendant." Hopkins, 33 F.3d at 1127; TXO Production, 509 U.S. at 457 ("while proportionality to actual damages sustained is relevant in the analysis, it is only one of several factors to be considered"); *see also* Zaxis Wireless Communications, Inc. v. Motor Sound Corp., 89 Cal.App.4th 577 (2001):

> In determining whether a punitive damages award is excessive, the [California] Supreme Court has set forth three factors to guide us: (1) the reprehensibility of the defendant's conduct; (2) the actual harm suffered; and (3) the wealth of the defendant. (Neal v. Farmers Ins. Exchange, 21 Cal.3d [910, 928 (1978)]).  An award that is reasonable in light of the first two factors may nevertheless be so disproportionate to the defendant's ability to pay that the award is excessive for that reason alone. (Adams v. Murakami, [54 Cal.3d 105,111 (1991)]).  **Where the award is grossly disproportionate to the defendant's wealth, a presumption arises that the jury was influenced by passion and prejudice**.  (Dumas v. Stocker (1976) 59 Cal.App.3d 5, 18. . . .).

Zaxis Wireless, 89 Cal. App.3d at 581-82 (emphasis added).

Based on the evidence presented at trial, the court finds neither defendant has the ability to pay punitive damages in an amount approaching the sums the jury awarded in this case.  In particular, the court is not persuaded by Sivak's analysis purporting to demonstrate Versen has the ability to pay the $433,000 in punitive damages the jury awarded against him personally, which would depend on him putting virtually *everything* Sivak projects he has, can earn, or may acquire in the near future, including parting with his interest in Blue Sky, towards satisfaction of that portion of the judgment. The court finds, in addition, the punitive damages awarded are grossly excessive compared to the wrong committed and are neither reasonable nor proportionate to the harm or to the general damages. *See* State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).  Accordingly, the court **GRANTS** Defendants' motion for a new trial on the punitive damages issues, unless plaintiff stipulates to accept a remittitur in the total, joint and several punitive damages amount of $10,000, as was discussed at the hearing.

Sivak moves for judgment on her claim for declaratory relief on her copyright claim. The court **DENIES** her motion. The articulation of that claim was significantly narrowed from its original pleading. She lost on the copyright infringement issue when the court granted defendants' Rule 50 motion on that cause of action. Her post-trial motion frames the declaratory relief she now seeks as applying solely to the audio recordings (as opposed to the scripts or the actual radio programs) of those Interviews she made "the subject of a Certificate of Registration filed with the U.S. Copyright Office, Reg. No. SRu600-692, which registration was admitted in the trial of this action as Plaintiff's Exhibit No. 16," dated February 16, 2006. Mot. 2:9-11. That Exhibit is provided as Exhibit A to the Grossman Declaration in support of the Motion and lists approximately 60 interviews Sivak conducted. She contends "it is immaterial whether Sivak wrote, co-wrote, or did not write the questions used in the interview," and emphasizes: her asserted copyright is "in the sound recordings which were made by Sivak and Sivak alone;" she raises no issue associated with the authorship of the interview questions or answers; and she is "not seeking a copyright interest in the interviews conducted by Tom Versen, BeBe Winans or some other person." Reply 3:1-10. She pursued no claim that the use of the Interviews was without her permission, nor did she made a claim for damages for their use.

The issue dispositive of Sivak's declaratory relief claim is whether she was an employee of Blue Sky or an independent contractor when she conducted the Interviews. She denies she was ever a Blue Sky employee, insisting she was supposed to be made a partner with Versen in the company, and operated as an independent contractor in the meantime. The jury appears to have predicated certain components of its verdicts on a finding she detrimentally relied on a promise and expectation of achieving partner status, which was not fulfilled. The court has considered the multiple factors enumerated in agreed Jury Instruction No. 17.9 to assist in making the determination whether the works were made for hire by an employee applied to pertinent evidence from the trial to conclude her status *vis-a-vis* Blue Sky at the times she conducted the Interviews at issue was that of an employee rather than an independent contractor. The court also finds implicit in the verdicts the jury concluded Sivak was an employee of Blue Sky. Sivak never consummated any equity position in the company, and evidence was presented that she represented herself to a third party to be an employee. Accordingly, Sivak's Motion For Declaratory Relief on the remaining copyright issues is **DENIED**.

Finally, the parties presented at the hearing a dispute regarding the point from which a prevailing party is entitled to recover post-judgment interest.  Sivak contends post-judgment interest should accrue from the date of the verdict forward.  Defendants contend no post-judgment interest begins to accrue until a final judgment is entered.   "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment. . . ." 28 U.S.C. § 1961.  In federal court, post-judgment interest on federal civil money judgments accrues only from the date the court enters a final, appealable judgment.  Dishman v. UNUM Life Ins. Co., 269 F.3d 974, 990-91 (9th Cir. 2001) ("we hold that 'judgment within the meaning of 28 U.S.C. § 19161 means 'final, appealable order'"); see also Tinsley v. Sea-Land Corp., 979 F.2d 1382, 1383 (9th Cir. 1992) (interest accrues from date judgment entered, regardless of whether judgment itself contains specific award of interest).

In summary, for all the foregoing reasons,  **IT IS HEREBY ORDERED:**

1.     Plaintiff's Motion For Declaratory Relief is **DENIED**, disposing of the remaining copyright claim.

2.     Defendants' Motion For Judgment Notwithstanding The Verdict is **DENIED**.

3.     Defendants' Motion For New Trial is **DENIED** on all grounds except with respect to the punitive damages awards.

4.     Plaintiff's motion for post-judgment interest beginning from the date of the jury's verdicts is **DENIED**.

5.     Defendants' Motion For New Trial is **GRANTED** on the issue of punitive damages.  However, no Order setting a new trial on the punitive damages claims will be entered until ten calendar days have passed after the filing date of this Order.  If within those ten days the parties file a Joint Motion accepting a remittitur in the amount of $10,000 in satisfaction of all punitive damages claims pursued in this action, jointly and severally as to both defendants, the court will amend its ruling on Defendants' Motion For New Trial to reflect that issue is moot and will enter a final judgment in this case.  The parties shall notify the court in a joint filing if they elect instead to proceed to a new trial on the punitive damages claims.

\\

6.      The parties shall collaborate on the drafting of a [Proposed] Judgment to lodge with the undersigned District Judge incorporating the jury's verdicts.  If the parties agree to the proposed remittitur, they shall include that resolution and shall lodge their [Proposed] Judgment simultaneously with the filing of their Joint Motion.

**IT IS SO ORDERED**.

DATED:  November 6, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge